# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2019

Lyle W. Cayce
Clerk

No. 18-20551
Summary Calendar

FLOYD WILLIAM HALL,

Plaintiff-Appellant

v.

C. S. DAIGLE; BRIAN S. SMITH; KELLY STRONG; JULIA RODRIGUEZ; JESSE MCKEE; WILLIAM STEPHENS; BRAD LIVINGSTON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; KRYSTAL ROTRAMEL; LIEUTENANT RICHARD ALFORD; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; BRYAN COLLIER; TONY O'HARE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2227

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Floyd William Hall, Texas prisoner # 763209, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that correctional officers at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20551

Wayne Unit of the Texas Department of Criminal Justice (TDCJ) used excessive force against him; that supervisory officials violated his rights by either creating, implementing, or overseeing unconstitutional policies regarding the use of force; and that Krystal Rotramel, a licensed vocational nurse at the Wynne Unit, falsified records and acted with deliberate indifference to his serious medical needs.

The district court determined that the supervisory officials and Rotramel were entitled to qualified immunity and dismissed Hall's claims against them under Federal Rule of Civil Procedure 12(b)(6). After considering the factors set out in *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), the district court determined that the correctional officers were likewise entitled to qualified immunity and granted summary judgment.

Hall argues: (1) that the supervisory officials are not entitled to qualified immunity because, even though they did not personally participate in the alleged constitutional deprivation, they implemented an unconstitutional policy regarding the use of force; (2) that he raised sufficient factual allegations that Rotramel acted with deliberate indifference to his serious medical needs; (3) that the district court incorrectly analyzed one of the *Hudson* factors, and thus erred in granting summary judgment to correctional officers Shayne Daigle, Julia Rodriguez, and Jesse McKee; and (4) that the district court abused its discretion in denying his pending discovery motion as moot. Finally, Hall also moves for the appointment of counsel.

## A.    Standard of Review

The grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is reviewed de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotation

2

marks and citation omitted).  The grant of summary judgment is also reviewed de novo, applying the same standards as the district court.  *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017).

### B.    Dismissal of Supervisory Officials

Because Hall sought to hold the supervisory officials vicariously liable based solely on their role as supervisors, the district court did not err in dismissing Hall's § 1983 claims against them in their individual capacities. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  Hall's claims against the supervisory officials in their official capacities fail because as employees of the state, they are protected by the Eleventh Amendment.  *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  Though Eleventh Amendment immunity does not apply to Hall's request for injunctive relief, *see id.*, Hall has not identified "continuing, present adverse effects" from the alleged use of excessive force that would entitle him to injunctive relief, *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citation omitted).  Accordingly, the district court did not err in dismissing Hall's claims against the supervisory officials.

### C.    Dismissal of Rotramel

Though Hall complains about the extent of his "cell side" evaluation immediately after the use of force, his medical complaints were not ignored, nor was he denied medical treatment.  *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  His complaints about Rotramel's failure to take pictures of his injuries or complete certain forms do not amount to deliberate indifference to his serious medical needs.  Moreover, his claim that Rotramel falsely reported his injuries to delay and interfere with his medical treatment is simply not supported by the record.  Because Hall failed to plead factual matter sufficient to state a constitutional claim against

No. 18-20551

Rotramel that is plausible on its face, the district court did not err in granting her motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### D.     *Hudson* Factor Analysis

According to Hall, the district court erred in its analysis of the third *Hudson* factor: the relationship between the need and the amount of force used and should not have granted summary judgment in favor of Daigle, Rodriguez, and McKee.  Hall does not dispute that he climbed the ceiling rafters of the dining hall or that he refused to comply with numerous orders to come down. Instead, he maintains that this factor favors him because Daigle violated the prison's use of force policy by using the pepper spray pellet launcher prior to using the aerosol pepper spray.

Neither *Hudson* nor the prison's use of force policy required that defendants use the aerosol spray first.  The policy required that defendants use "the minimal amount of force . . . necessary to achieve the desired results." Furthermore, the TDCJ use of force policy specifically provides that "the immediate response may be to use a higher level of force" when justified.  Hall provides no evidence that an aerosol spray alone would have achieved the desired result. Indeed, a higher level of force was certainly justified given the danger he placed himself and others in by climbing the ceiling rafters and refusing multiple orders to come down.  Because Hall fails to raise a genuine dispute of material fact with respect to his excessive force claim against Daigle, Rodriguez, and McKee, the district court's grant of summary judgment is affirmed.  *See* FED. R. CIV. P. 56(a).

### E.     Motion for Discovery

Hall argues that the district court erred in denying his motion to compel discovery as moot when it granted summary judgment; however, he makes no effort to show how additional discovery would defeat the summary judgment

4

motion filed by Daigle, Rodriguez, and McKee.  Because Hall relies on vague assertions regarding the need for additional discovery, he has failed to show that the district court abused its discretion in denying his pending motion to compel as moot.  *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) ("The nonmoving party must show how the additional discovery will defeat the summary judgment motion . . . and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." (internal quotation marks omitted)).

## F.    Conclusion

Based on the foregoing, the judgment of the district court is AFFIRMED.  Further, because Hall has not shown that his case presents exceptional circumstances, his motion for the appointment of counsel is DENIED. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).